UNITED STATES DISTRICT COURT
WESTER DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **MANSOOR SHEIKH** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.: 1:18-cv-00202-RP |
| | § | |
| **RECEIVABLES MANAGEMENT PARTNERS, LLC** | § | |
| *Defendant.* | § | |

### DEFENDANT RECEIVABLES MANAGEMENT PARTNERS, LLC'S
### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant RECEIVABLES MANAGEMENT PARTNERS, LLC ("**Defendant**"), files its *Answer to Plaintiff's Complaint* as follows:

1. Defendant admits Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("**FDCPA**") and the Texas Debt Collection Act ("**TDCA**"). Defendant denies any violations alleged by Plaintiff occurred.

### JURISDICTION AND VENUE

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 2; therefore, it denies the same.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 3; therefore, it denies the same.

### THE PARTIES

4. Defendant admits Plaintiff is an individual. Defendant lacks knowledge or information sufficient to form a belief about the trust of the rest of Paragraph 4; therefore, it denies the same.

5. Defendant admits Paragraph 5.

## FACTUAL ALLEGATIONS

6. Defendant admits Paragraph 6.

7. Defendant admits Paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 8; therefore, it denies the same.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 9; therefore, it denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 10; therefore, it denies the same.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 11; therefore, it denies the same.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 12; therefore, it denies the same.

13. Defendant admits Paragraph 13.

14. Defendant admits Paragraph 14.

15. Defendant admits Paragraph 15.

16. Defendant admits Paragraph 16.

17. Defendant admits at times it acts as a debt collector as alleged in Paragraph 17.

18. Defendant admits at times it acts as a debt collector as alleged in Paragraph 18.

19. Defendant denies Paragraph 19 is a complete and accurate statement of the law.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 20; therefore, it denies the same. Defendant did not receive any dispute letter from Plaintiff or his counsel regarding a dispute of Plaintiff's debt.

21. Defendant denies Paragraph 21. Defendant did not receive any dispute letter from Plaintiff or his counsel regarding a dispute of Plaintiff's debt.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 22; therefore, it denies the same. Defendant did not receive any dispute letter from Plaintiff or his counsel regarding a dispute of Plaintiff's debt.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 23; therefore, it denies the same.

24. Defendant denies Paragraph 24.

## FDCPA § 1692e(8)

25. Plaintiff restates and realleges paragraphs 1 through 24 as though fully set forth herein.

26. Defendant admits Paragraph 26 is a partial statement of the law, but denies it is a complete and accurate statement of the law.

27. Defendant denies Paragraph 27.

## TDCA § 392.301(a)(3)

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Defendant admits Paragraph 29 is a partial statement of the law, but denies it is a complete and accurate statement of the law.

30. Defendant denies Paragraph 30.

31. Defendant admits Plaintiff seeks a judgment. Defendant denies Plaintiff is entitled to such judgment as outlined in Paragraph 31 and its subparts.

## JURY DEMAND

32. Defendant admits Plaintiff demands a trial by jury.

## AFFIRMATIVE DEFENSES

33. Any violation, if it occurred, was the result of a bona fide error.

34. Plaintiff's damages, if any, are the result of the actions of third parties over whom Defendant has no control.

35. Plaintiff's damages, if any, were pre-existing damages not caused by Defendant.

36. Plaintiff has failed to mitigate damages, if any.

37. Plaintiff proximately caused his own damages, if any.

38. Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

39. Plaintiff has not suffered a concrete, injury-in-fact.

40. Plaintiff's claims, in whole or in part, are barred by the statute of limitations.

[SIGNATURE LINE ON NEXT PAGE]

Dated: April 3, 2018.                                Respectfully Submitted,

                                                                MALONE AKERLY MARTIN PLLC

                                                                /s/ Robbie Malone
                                                                ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
JIN S. SHIN
State Bar No. 24096295
Email: jshin@mamlaw.com
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas  75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT RECEIVABLES MANAGEMENT PARTNERS, LLC***

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via **CM/ECF** on this 3rd day of April, 2018:

Tyler Hickle
Law Office of Tyler Hickle, PLLC
4005 C Banister Lane, Ste. 120 C
Austin, TX 78704
tylerhickle@hicklelegal.com

                                                             /s/ Robbie Malone
                                                             ROBBIE MALONE